UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-24204-BLOOM/Otazo-Reyes

GLORIA SMITH,

    Plaintiff,

v.

SELECT PORTFOLIO SERVICING,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. [3] ("Motion"), filed in conjunction with Plaintiff's Complaint, ECF No. [1] ("Complaint"). The Court has carefully considered the Motion, the Complaint, the record in this case, and is otherwise fully advised.

Plaintiff has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee*

*Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949). Although a *pro se* litigant's pleadings are construed more liberally than pleadings drafted by attorneys, "this leniency does not give the court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain the action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

Case No. 20-24204-BLOOM/Otazo-Reyes

As an initial matter, it is not fully clear what grounds for jurisdiction Plaintiff invokes. The Complaint does not state whether Plaintiff seeks relief on federal question jurisdiction or diversity of citizenship jurisdiction. Further, the civil cover sheet, ECF No. [1-2], does not reflect that Plaintiff has selected a basis for the Court's jurisdiction. To compound this issue, in the Complaint, Plaintiff lists the citizenship for her and Defendant as Florida and the amount in controversy as $21,740.16. ECF No. [1] at 3-4. Accordingly, diversity of citizenship cannot form a basis for the Court's jurisdiction in this case. As for federal question jurisdiction, Plaintiff does not list any federal statutes, treaties, or provisions of the United States Constitution that are at issue. Rather, she asserts "mortgage fraud, assignment of note for insurance benefit claims," and "improper assignments of mortgage note" as the basis for federal question jurisdiction. *Id.* at 3. Although Plaintiff's purported claims sound in fraud, Plaintiff fails to establish how any of her grievances constitute federal causes of action. While the Court construes *pro se* pleadings under a more relaxed pleading standard, the Complaint fails to pass muster under its present form. Because the Court cannot ascertain a basis for its own jurisdiction let alone any meritorious or plausible claim for relief from Plaintiff's allegations, the instant action must be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.
2. The Motion, **ECF No. [3]**, is **DENIED AS MOOT**.
3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 14, 2020.

  
  
_____  
**BETH BLOOM**  
**UNITED STATES DISTRICT JUDGE**

Case No. 20-24204-BLOOM/Otazo-Reyes

Copies to:

Gloria Smith
1721 NW 191 Street
Miami Dade, FL 33056